UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JACOB EGGEMAN,** | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) ) | JUDGE |
| | ) | |
| | ) | **PLAINTIFF'S COLLECTIVE** |
| Plaintiff, | ) | **ACTION COMPLAINT** |
| | ) | |
| v. | ) | *(Jury Demand Endorse Herein)* |
| | ) | |
| **NEW PERSPECTIVE REALTY, LLC** | ) | |
| ***d/b/a* PARKER REALTY ASSOCIATES** | ) | |
| c/o Statutory Agent | ) | |
| Shawn F. Parker Sr. | ) | |
| 4248 Tuller Road, Suite 202 | ) | |
| Dublin, Ohio 43017 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Jacob Eggeman, *individually and on behalf of himself and all others similarly situated*, by and through counsel, for his Collective Action Complaint against New Perspective Realty, LLC *doing business as* Parker Realty Associates (also referred to herein as "Defendant"), states and alleges the following:

## INTRODUCTION

1.  The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked

in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of overtime compensation and/or contained other compensation requirements and/or penalties. *See* O.R.C. § 4111.03(A).

2. Plaintiff brings this case to challenge the practices and policies of Defendant that willfully and intentionally violate the FLSA, 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio, including O.R.C. § 4111.03(A) ("Ohio Law").

3. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

4. Plaintiff and other members of the FLSA Collective now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes and adjustments, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division.

## PARTIES

8. Plaintiff Jacob Eggeman is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Jacob Eggeman has completed an "Opt-In Consent Form" which is filed and attached as Exhibit A.

9. According to records maintained by the Ohio Secretary of State, Defendant New Perspective Realty, LLC's Statutory Agent for service of process is Shawn F. Parker Sr., 4248 Tuller Road, Suite 202, Dublin, Ohio 43017.[1]

10. According to records maintained by the Ohio Secretary of State, Defendant New Perspective Realty, LLC controls the trade name "Parker Realty Associates."[2] Defendant New Perspective Realty, LLC does business as "Parker Realty Associates."[3]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer of Plaintiff and Other Members of the FLSA Collective

11. Defendant New Perspective Realty, LLC operates Parker Realty Associates, a real estate company that offers "Full Service Property Management."[4] Defendant operates out of 4242 Tuller Road, Suite B, Dublin, Ohio 43017.[5]

12. Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Law, O.R.C. § 4111.03(D)(3).

13. Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective, in furtherance of its business purposes.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/1781131 (last accessed Feb. 14, 2023).
[2] https://businesssearch.ohiosos.gov?=businessDetails/4702002 (last accessed Feb. 14, 2023).
[3] *See* https://www.parkerrealtyassociates.com/ (last accessed Feb. 14, 2023).
[4] https://www.parkerrealtyassociates.com/ (last accessed Feb. 14, 2023).
[5] *Id.*; *see* https://www.realtor.com/realestateagency/62ae214e20ff7d409a1efda9 (last accessed Feb. 14, 2023).

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17. At all times relevant, Defendant was an employer of Plaintiff and other members of the FLSA Collective as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

**Plaintiff's and the FLSA Collective's**
**Non-Exempt Employment Statuses with Defendant**

18. Plaintiff Jacob Eggeman was employed by Defendant from approximately July 2021 to January 2023 as a maintenance worker. Throughout his employment, Defendant paid Plaintiff, as well as other members of the FLSA Collective, as an hourly employee.

19. At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Law, O.R.C. § 4111.03(D)(3).

20. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay Overtime Compensation**
**as a Result of Defendant's Straight Time for Overtime Practices and/or Policies**

4

21. The FLSA and Ohio Law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. § 4111.03(A).

22. Plaintiff and other members of the FLSA Collective regularly worked more than forty (40) hours in a single workweek.

23. For example, during the two-workweek pay period from January 12, 2022 to January 25, 2022, Plaintiff Jacob Eggeman worked at least 107 hours, or a minimum of 27 hours of overtime during this two-workweek pay period.

24. Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio Law, O.R.C. § 4111.03(A).

25. Instead of compensating Plaintiff and other members of the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective their regular, straight time hourly rates for all hours worked.

26. By way of example, during the two-workweek pay period from January 12, 2022 to January 25, 2022, Plaintiff worked at least 107 hours, and was paid a straight-time rate of

5

$19.00 per hour for 107 hours, for a total of $2,033.00. Defendant did not pay overtime compensation during this two-workweek pay period to Plaintiff Jacob Eggeman.

27. Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28. Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A).

29. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as result of Defendant's straight time for overtime hours worked practices and/or policies – violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendant's Failure to Pay Overtime Compensation as a Result of Defendant's Independent Contractor Misclassification Practices and/or Policies

30. At least during one or more workweeks during the relevant time period, Defendant utilized a fissured employment scheme to employ Plaintiff and other members of the FLSA Collective and misclassify them as so-called "independent contractors" to avoid their obligations under the FLSA. That is, for some work performed, Defendant paid employees as independent contractors in a knowing, willful, and deliberate attempt to compensate Plaintiff and other members of the FLSA Collective overtime compensation at less than one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6

31. In fact, Plaintiff and Defendant's other maintenance workers are employees of Defendant – during all workweeks – in accordance with the standards applicable under the FLSA and are entitled to overtime compensation for all overtime work performed.

32. As a matter of economic reality, Plaintiff and other members of the FLSA Collective were economically dependent on Defendant.

33. Plaintiff and other members of the FLSA Collective performed work that was integral to Defendant's primary business. Defendant is in the business of providing property management and other related services to Defendant's customers. Defendant's "primary purpose" is in fact to provide these services to customers.

34. Defendant's employees do not exert control over any meaningful part of Defendant's business operations and do not stand as a separate economic entity from Defendant. Defendant exercises control over all aspects of the employment relationship with its workers.

35. Defendant has a high degree of control over the manner in which workers perform their job duties.

36. Defendant controlled the work Plaintiff and other members of the FLSA Collective performed and the manner in which workers performed it.

37. Defendant determined Plaintiff's and other members of the FLSA Collective's job locations, and Defendant controlled the work their workers performed, the hours and schedule during which they perform that work and the manner in which they perform their duties. Defendant has knowledge of hours worked and duties performed by Plaintiff and other workers.

38. Defendant's employees' opportunities for profit or loss are established unilaterally by Defendant; any opportunities workers have to earn remuneration are unilaterally determined and controlled by Defendant. Defendant determined the amounts workers were paid.

Plaintiff and other members of the FLSA Collective could not make a profit and/or suffer any loss for their services – they performed property management and related generally manual labor services for Defendant.

39. Defendant's workers do not have an opportunity for greater profits based on their management and/or technical skills. Moreover, workers cannot modify their fee amount in order to maximize their profit. Workers cannot renegotiate compensation throughout the employment relationship with Defendant's customers. Workers were not permitted to charge different prices based on other factors, such as their work experience, demand, or availability outside Defendant.

40. Defendant's opportunity for profits and risk of loss are much greater than Defendant's workers,' if any.

41. Defendant required Plaintiff and other members of the FLSA Collective to perform services for customers under the guidelines, policies, and procedures set exclusively by Defendant.

42. Likewise, Defendant unilaterally determined the amounts their workers were paid and unilaterally change that amount from time to time.

43. Defendant's workers worked for Defendant in a comparatively low-paying job requiring comparatively low skills, and held their positions with Defendant for a longer period of time than for a single or separate series of jobs/projects. Workers were not required to possess any special skill, other than being physically able to perform the property management/maintenance and labor.

44. Defendant's workers work for Defendant and are not in business for themselves.

45. Defendant's capital investments and expenditures substantially outweighed any expenditures required on the part of Plaintiff and other members of the FLSA Collective.

46. Defendant conducts initial interviews and vetting procedures for workers and hires workers at the sole discretion of Defendant.

47. Defendant has a far more significant role than workers in drawing customers to Defendant's services, if any.

48. Given their employment constrictions, Defendant's workers generally could not and did not make their services available to the general public. Workers could not work for other companies or operate an independent business(es). Among other things, as a result of the employment and related time commitment and obligations imposed by Defendant, workers were limited in their ability to work for other companies or operate independent businesses or it was impracticable to do so. Because of Defendant's policies and the nature of workers' employment and work duties, workers were unable to have other means of full-time employment. Workers' work for Defendant regularly consumed the normal workweek of full-time employees.

49. Defendant's workers typically work full time for Defendant, and regularly work more than forty (40) hours per workweek.

50. Defendant instructs workers how, when and where they are to perform their duties.

51. Workers are under the direct supervision and control of Defendant's supervisors and managers. Defendant's supervisors and managers supervise the work duties of Plaintiff and other members of the FLSA Collective to make sure their job performance is of sufficient quality as determined by Defendant.

52. Defendant's supervisors and managers assist workers in the performance of their duties.

53. Defendant interviewed, supervised, directed, disciplined, reprimanded, scheduled and performed other duties of an employer. Defendant hired/fired workers at will, and workers' employments were not temporary nor had a fixed end-date. Defendant performed functions associated with that of an employer with regard to an employee.

### The Willfulness of Defendant's Violations

54. Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

55. By denying Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA and Ohio Law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio Law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and Ohio Law, or acted in reckless disregard as to Defendant's obligations under these laws.

56. Moreover, Defendant's obligations under these laws were clearly known by Defendant. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of

10

commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendant therefore knew about the overtime requirements of the FLSA and Ohio Law, or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective were entitled to overtime compensation.

57. In addition, by paying a portion of time worked as if Plaintiff and other members of the FLSA Collective were independent contractors as outlined above to avoid paying overtime compensation as required by federal and state law, Defendant's attempts to evade the overtime requirements were demonstrably knowing, willful, and deliberate.

58. Plaintiff and other members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

59. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio Law.

60. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. § 4111.03; and resulted in the unlawful deprivation of wages to the detriment of Defendant's employees, including Plaintiff and other members of the FLSA Collective.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

11

be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

63. Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

64. The potential "opt-ins" who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

> **All present and former maintenance workers, and workers with similar job titles and/or duties, of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the workers' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.**

65. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

66. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

67. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of twelve or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and all other members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

70. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

71. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

72. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendant.

73. Defendant knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

74. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an

award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

75. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76. Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4111.03, on behalf of himself and other members of the FLSA Collective.

77. At all times relevant, Defendant was an entity covered by O.R.C. § 4111.03, and Plaintiff and other members of the FLSA Collective are employees, and/or have been employed by, Defendant within the meaning of O.R.C. § 4111.03.

78. Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

79. By their acts and omissions described in this Complaint, Defendant has violated O.R.C. § 4111.03, and Plaintiff and other members of the FLSA Collective have been injured as a result.

80. Defendant's violations of Ohio Law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair

Labor Standards Act of 1938'"), injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them pursuant to Ohio Law and the FLSA.

81. As a result of Defendant's willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiff and other members of the FLSA Collective have been damaged in that they have not received wages due to them pursuant to Ohio Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other members of the FLSA Collective, respectfully prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant, and in favor of Plaintiff and the Opt-Ins who join this case, pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

D. Award Plaintiff and other members of the FLSA Collective prejudgment interest, post-judgment interest, litigation expenses and costs, attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and all other available damages, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

E. Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)